JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
    E-mail: ndrey@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:    (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and BAYERISCHE MOTOREN WERKE AG, a German Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARION EUTHENIA, LLC, a California Limited Liability Company; MARSONS ELECTRONICS CORP., a Suspended California Corporation; PAK TAO NG, an Individual a/k/a THOMAS NG; KATIE LAU, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.:  2:17-cv-04969<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)];**<br>(2) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];**<br>(3) **TRADEMARK DILUTION [15 U.S.C. §1125(c)]; and**<br>(4) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW NA"), and BAYERISCHE MOTOREN WERKE AG ("BMW AG") (collectively "Plaintiffs"), to hereby file their Complaint for Damages and Declaratory Relief ("Complaint") against Defendants ARION EUTHENIA, LLC, MARSONS ELECTRONICS CORP., PAK TAO NG a/k/a THOMAS NG, KATIE LAU, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff BMW NA is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware limited liability company having its principal place of business in Woodcliff Lake, New Jersey.  BMW NA's Technology Office, Western Region Office, Group Representative Office, Engineering and Emission Test Center, and Training Center are all located in California.  Additionally, one of BMW NA's four Vehicle Distribution Centers and two of its six Parts Distribution Centers are located in California.  BMW NA also has more than fifty (50) dealerships throughout the state of California.  BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation. BMW (US) Holding Corporation is an indirectly wholly-owned subsidiary of BMW AG.

2.     Plaintiff BMW AG is now, and was at the time of the filing of this Complaint and at all intervening times, a German corporation organized under the laws of the Federal Republic of Germany with its principal place of business located in Munich, Germany.

3.     Plaintiffs are informed and believe that Defendant ARION EUTHENIA, LLC (hereinafter "ARION") is now, and was at the time of the filing of this Complaint, and at all intervening times, an active California limited liability company with its principal place of business located in Pomona, California.

4.     Plaintiffs are informed and believe that Defendant MARSONS ELECTRONICS CORP. (hereinafter "MARSONS") is now, and was at the time of

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

the filing of this Complaint, and at all intervening times, a suspended California corporation with its principal place of business located in Los Angeles, California.

5.    Plaintiffs are informed and believe that Defendant PAK TAO NG (hereinafter "NG") is now, and was at the time of the filing of this Complaint, an individual also known as THOMAS NG residing in and conducting business from Pomona, California.

6.    Plaintiffs are informed and believe that Defendant KATIE LAU (hereinafter "LAU") is now, and was at the time of the filing of this Complaint, an individual residing in and conducting business from Pomona, California.

7.    Plaintiffs are informed and believe that Defendants NG and LAU are members/managers of ARION, controlling and supervising its business operations and deriving a direct financial benefit from same.

8.    Plaintiffs are informed and believe that Defendants ARION and MARSONS did not and do not have sufficient funding to assume responsibility for their foreseeable and actual liabilities.

9.    Plaintiffs are informed and believes that since the time of their creation, now, and at all times relevant to this Complaint, Defendants ARION and MARSONS were undercapitalized.

10.    Plaintiffs are informed and believes that since the time of their creation, now, and at all times relevant to this Complaint, Defendants ARION and MARSONS failed to observe corporate formalities required by law.

11.    Plaintiffs further allege, on information and belief, that Defendants NG and LAU are the alter egos of Defendants ARION and MARSONS and that Defendants NG and LAU jointly and severally, and personally, directed and benefited from the infringing activities of Defendants ARION and MARSONS.

12.    The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiffs.  Plaintiffs therefore sue said Defendants by such fictitious

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1   names. When the true names and capacities of said Defendants have been
2   ascertained, Plaintiffs will amend this pleading accordingly.

3       13.     Plaintiffs further allege that Defendants ARION, MARSONS, NG and
4   LAU, and Does 1-10, inclusive, sued herein by fictitious names, are jointly,
5   severally and concurrently liable and responsible with one another upon the causes
6   of action hereinafter set forth.

7       14.     Plaintiffs are informed and believe and thereon allege that at all times
8   mentioned herein Defendants ARION, MARSONS, NG, LAU, and Does 1-10,
9   inclusive, and each of them, were the agents, servants and employees of every
10  other Defendant and the acts of each Defendant, as alleged herein, were performed
11  within the course and scope of that agency, service or employment.

12                      **JURISDICTION / VENUE**

13      15.     This Court has jurisdiction over the subject matter of the First, Second,
14  and Third Causes of Action  (violation of the Lanham Act) pursuant to 15 U.S.C.
15  §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

16      16.     This Court has personal jurisdiction over Defendants as Defendants
17  conduct business within this jurisdiction and have committed the tortious activities
18  of trademark infringement and unfair competition in this district.  Defendants have
19  sufficient minimum contacts with this district such that the exercise of jurisdiction
20  over Defendants by this Court does not offend traditional notions of fair play and
21  substantial justice. Among other things, Defendants have advertised, offered to sell,
22  sold, and distributed products that infringe the trademarks of Plaintiffs to
23  consumers within this judicial district for Defendants' own commercial gain and
24  have exploited California's extensive marketplace, wherein Plaintiffs maintain
25  substantial business contacts and financial interests.

26      17.     Additionally, supplemental jurisdiction exists over Defendants
27  because, on information and belief, Defendants conduct business in California and
28  in this judicial district, have purposefully directed action to California and this

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

18.    Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiffs in this district.

## GENERAL ALLEGATIONS

### Plaintiffs and their Well-Known BMW® Brand and Products

19.    Plaintiffs are in the business of designing, manufacturing, and/or distributing motor vehicles, wheels, motor vehicle parts and accessories, and a variety of other products which feature various trademarks, including but not limited to the BMW®, M®, MINI® and MINI COOPER® marks. Plaintiffs' BMW®, M®, MINI® and MINI COOPER®-branded products and marks have achieved great success since their introduction, some as early as 1955, 1987, and 2008, respectively.

20.    Plaintiffs' motor vehicles and related products have earned a reputation for innovation, quality and performance. Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of their BMW®, M®, MINI® and MINI COOPER®-branded products and marks. Plaintiffs have spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiffs' products and services.

21.    Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line. A wide array of newspapers, magazines and television networks have included advertising of Plaintiffs' products, which are immediately identified by Plaintiffs' BMW®, M®, MINI®, and MINI COOPER® marks.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

22.    As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of the BMW® motor vehicles, the BMW®, M®,  MINI®, and MINI COOPER® marks have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize the BMW®, M®, MINI® and MINI COOPER® marks and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association.    Indeed, the BMW®, M®, MINI® and MINI COOPER® marks are famous in the United States and around the world.

### Plaintiffs' Trademarks

23.    While Plaintiffs have gained significant common law trademark and other rights in their BMW®, M®, MINI® and MINI COOPER® products and services through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations. This includes registrations for the following non-exhaustive list of Plaintiff's registered trademarks:

i.      **BMW**: Unites States Patent and Trademark Office ("USPTO") Reg. No.: 0,611,710, registered September 6, 1955;



ii.     USPTO Reg. No.: 0,613,465, registered October 4, 1955;

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

iii.   USPTO Reg. No.: 1,450,212, registered August 4, 1987;



iv.   USPTO Reg. No.: 2,816,178, registered February 24, 2004;

**BMW**

v.   USPTO Reg. No.: 4,293,991, registered February 26, 2013;



vi.   **M**: USPTO Reg. No.: 1,438,545, registered August 5, 1987;



vii.   USPTO Reg. No.: 3,526,899, registered November 4, 2008;

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

viii.   USPTO Reg. No.: 3,767,662, registered March 30, 2010;



ix.   USPTO Reg. No.: 3,767,663, registered March 30, 2010;



x.   **MINI**:   USPTO Reg. No.: 2,746,570, registered August 5, 2003;



xi.   USPTO Reg. No.: 2,812,820, registered February 10, 2004;



xii.   USPTO Reg. No.: 3,462,517, registered July 8, 2008;

xiii.   USPTO Reg. No.: 3,507,903, registered September 30, 2008;

# MINI

xiv.   USPTO Reg. No.: 3,515,455, registered October 14, 2008;

# MINI

xv.   **MINI COOPER**:  USPTO Reg. No.: 2,376,477, registered August 15, 2000; and

# MINI COOPER

xvi.   USPTO Reg. No.: 3,969,191, registered October 13, 2009 (collectively, hereinafter "BMW® Trademarks").

# MINI COOPER

24.   Plaintiffs have never authorized or consented to Defendants' use of the BMW® Trademarks, or any confusingly similar marks by Defendants. Also, Plaintiffs have never authorized Defendants to copy, manufacture, import, market, sell, or distribute any BMW® and/or M® products.

## **Defendants' Wrongful and Infringing Conduct**

25.   Particularly in light of the success of Plaintiffs and Plaintiffs' products, as well as the outstanding reputation they have gained, Plaintiffs and their products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on their goodwill, reputation and fame.  Plaintiffs have spent considerable effort and resources to build up in their products and marks.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

26.     Defendants use, amongst other things, the Internet website known as Amazon.com to advertise for sale, sell and distribute products, including counterfeit hard goods using and bearing BMW® Trademarks to consumers.

27.     Items listed for sale on Amazon.com are assigned an Amazon Standard Identification Number ("ASIN") by the Amazon seller portal.  This number is a unique 10-character alphanumeric identification code that is assigned to a product when the product is first listed for sale on Amazon.com, often by the manufacturer of the product.

28.     An Amazon.com listing contains a variety of information including the ASIN, Brand, Model, Manufacturer Part Number, Origin, Customer Reviews, Best Seller Rank, Product Weight, Shipping Weight, and Date First Available. The listing usually includes multiple photographs of the item, price, packaging, installation details, product details, shipping details, availability, and a hyperlink to a companion page providing detailed information regarding Buying Options, including the Seller Information of those Amazon sellers currently selling that product, their respective prices and shipping options.

29.     Beginning on a date that is currently unknown to Plaintiffs and continuing to the present, Defendants have, without the consent of Plaintiffs, offered to sell and sold within the United States (including within this judicial district) goods that were neither made by Plaintiffs nor by a manufacturer authorized by Plaintiffs (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the BMW® Trademarks.

30.     On information and belief, Plaintiffs further allege that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import Counterfeit Goods into the United States, for the purpose of reselling the products.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

31.     On or about March 18, 2017, in the course of Plaintiffs' ongoing investigation of counterfeit sales of BMW®, M®, MINI® and MINI COOPER®-branded products, Plaintiffs made a test purchase of ASIN B00IX5MOD0 from Amazon Seller "Marsons Electronics," described as "Wind Fire M002-BMW/MINI/Land Rover – No Drilling Changeable Logo Door Courtesy Ghost Shadow Lights –Lifetime FREE logo chips replacement 2-pc set," which featured BMW® Trademarks, a product manufactured and distributed by Defendant MARSONS ELECTRONICS.

32.     Electronic payment of $31.53, including tax, for Amazon.com order number 109-8236772-9423414 was sent to Amazon seller Marsons Electronics.

33.     On or about March 22, 2017, Plaintiffs made a test purchase of ASIN B00IX5MOD0 from Amazon Seller "Marsons Electronics," described as "Wind Fire M002- BMW/MINI/Land Rover – No Drilling Changeable Logo Door Courtesy Ghost Shadow Lights –Lifetime FREE logo chips replacement 2-pc set," which featured BMW® Trademarks, a product manufactured and distributed by Defendant MARSONS ELECTRONICS.

34.     Also on or about March 22, 2017, Plaintiffs made a test purchase of ASIN B00IX5MOD0 from Amazon Seller "Warehouse Deals, Inc.," a subsidiary of Amazon.com, Inc., described as "Wind Fire M002- BMW/MINI/Land Rover – No Drilling Changeable Logo Door Courtesy Ghost Shadow Lights –Lifetime FREE logo chips replacement 2-pc set," which featured BMW® Trademarks, a product manufactured and distributed by Defendant MARSONS ELECTRONICS.

35.     Electronic payment of $53.98, including tax, for Amazon.com order number 116-2896668-5909826, was sent to Amazon sellers Marsons Electronics and Warehouse Deals, Inc.

36.     On or about April 1, 2017, Plaintiffs made a test purchase from eBay Seller "wind_n_fire_auto" of an item described as "Wind Fire M002 ghost shadow light for BMW-MINI-Land Rover-No Drilling (2-pc set)" for $29.99.

- 11 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

37.     On or about April 10, 2017, Plaintiffs made a test purchase of ASIN B00IX5MOD0 from Amazon Seller "Warehouse Deals, Inc.," "Wind Fire M002-BMW/MINI/Land Rover – No Drilling Changeable Logo Door Courtesy Ghost Shadow Lights –Lifetime FREE logo chips replacement 2-pc set," which featured BMW® Trademarks, a product manufactured and distributed by Defendant MARSONS ELECTRONICS.

38.     Electronic payment of $27.40, for Amazon.com order number 112-1558123-9449849, was sent to Amazon seller Warehouse Deals, Inc.

39.     All the lighting fixtures described in detail above, which were obtained from Defendants, were inspected by Plaintiffs to determine authenticity. Plaintiffs' inspection of the purchased items confirmed that the items sold by Defendants are in fact counterfeit products infringing upon the BMW® Trademarks.

40.     Based on the known conduct of Defendants' marketing, advertising, offering for sale, and sale of counterfeit products infringing on the BMW® Trademarks, Defendants are likely also offering for sale and selling other relevant and related infringing products that will be disclosed during the discovery process.

41.     By these sales and on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights to the BMW® Trademarks and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of the BMW® Trademarks to confuse consumers and aid in the promotion and sales of its unauthorized goods.

42.     Defendants' conduct and use began long after Plaintiffs' adoption and use of their BMW® Trademarks, after Plaintiffs obtained the trademark registrations alleged above, and after the BMW® Trademarks became famous. Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to tarnish, counterfeit and dilute Plaintiffs' marks and

products as well as cause confusion to their customers.  Neither Plaintiffs nor any authorized agents have consented to Defendants' use of BMW® Trademarks in the manner complained of herein.

43.     Defendants' actions were committed willfully, in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

44.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, and diluted Plaintiffs' rights in the BMW® Trademarks; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; and (vii) unfairly profited from such activity.  Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks against Defendants ARION EUTHENIA, LLC, MARSONS ELECTRONICS CORP., PAK TAO NG a/k/a THOMAS NG, KATIE LAU, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

45.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

46.     Plaintiffs have continuously used the BMW® Trademarks in interstate commerce.

47.     Plaintiffs, as the owners of all right, title and interest in and to the BMW® Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute, 15 U.S.C. §1114.

48.     Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of the BMW® Trademarks.

49.     Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of the BMW® Trademarks to deal in and commercially distribute, market and sell products bearing Plaintiffs' asserted marks into the stream of commerce.

50.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit BMW® products bearing the BMW® Trademarks.

51.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered BMW® Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.   Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit BMW® products bearing the BMW® Trademarks.

52.     Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' BMW® Trademarks is likely to cause confusion, or to

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

53. Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

54. Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the BMW® Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiffs request injunctive relief.

55. Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition against Defendants ARION EUTHENIA, LLC, MARSONS ELECTRONICS CORP., PAK TAO NG a/k/a THOMAS NG, KATIE LAU, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

56. Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

57. Plaintiffs, as the owners of all common law right, title, and interest in and to the BMW® Trademarks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125).  Plaintiffs' asserted marks are

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

fanciful, inherently distinctiveand/or have otherwise acquired distinctiveness.

58.    Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

59.    Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

60.    On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

61.    Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

62.    Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

63.    Defendants' continuing and knowing use of the BMW® Trademarks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1   substantial and irreparable injury for which it has no adequate remedy at law.

2        64.   Defendants' wrongful conduct has permitted or will permit it to make

3   substantial sales and profits on the strength of Plaintiffs' marketing, advertising,

4   sales and consumer recognition.  As a direct and proximate result of Defendants'

5   wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of

6   sales of its BMW® products in an amount as yet unknown but to be determined at

7   trial, and have been deprived and will be deprived of the value of their marks as

8   commercial assets in an amount as yet unknown but to be determined at trial.

9   Plaintiffs seek damages and an accounting of Defendants' profits, and requests that

10   the Court grant Plaintiffs three times that amount in the Court's discretion.

11        65.   Based on Defendants' wrongful conduct, Plaintiffs are entitled to

12   injunctive relief as well as monetary damages, and other remedies as provided by

13   the Lanham Act, including Defendants' profits, treble damages, reasonable

14   attorneys' fees, costs and prejudgment interest.

15   **THIRD CAUSE OF ACTION**

16   **(Trademark Dilution against Defendants ARION EUTHENIA, LLC,**

17   **MARSONS ELECTRONICS CORP., PAK TAO NG a/k/a THOMAS NG,**

18   **KATIE LAU, and DOES 1 through 10, Inclusive)**

19   **[15 U.S.C. §1125(c)]**

20        66.   Plaintiffs hereby incorporate by reference each of the other allegations

21   set forth elsewhere in this Complaint as though fully set forth in this cause of

22   action.

23        67.   Plaintiffs' BMW® Trademarks are distinctive and famous within the

24   meaning of the Lanham Act.

25        68.   Upon information and belief, Defendants' unlawful actions began

26   long after Plaintiffs' asserted marks became famous, and Defendants acted

27   knowingly, deliberately and willfully with the intent to trade on Plaintiffs'

28   reputation and to dilute Plaintiffs' asserted marks.  Defendants' conduct is willful,

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

1    wanton and egregious.

2        69.    Defendants' intentional sale of fake, pirated and counterfeit items

3    bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to

4    deceive, mislead, betray, and defraud consumers to believe that the substandard

5    imitations are genuine BMW® products. The actions of Defendants complained of

6    herein have diluted and will continue to dilute the BMW® Trademarks and other

7    marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs'

8    marks, and injure the business reputation of Plaintiffs and their marks.

9        70.    Defendants' acts have caused and will continue to cause Plaintiffs

10   irreparable harm.  Plaintiffs have no adequate remedy at law to compensate it fully

11   for the damages that have been caused and which will continue to be caused by

12   Defendants' unlawful acts, unless they are enjoined by this Court.

13       71.    As the acts alleged herein constitute a willful violation of section

14   43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiffs are entitled to

15   injunctive relief as well as monetary damages and other remedies provided by 15

16   U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and

17   statutory damages, treble damages, reasonable attorney's fees, costs and

18   prejudgment interest.

19                        **FOURTH CAUSE OF ACTION**

20   **(Unlawful, Unfair, Fraudulent Business Practices against Defendants ARION**

21   **EUTHENIA, LLC, MARSONS ELECTRONICS CORP., PAK TAO NG a/k/a**

22        **THOMAS NG, KATIE LAU, and DOES 1 through 10, Inclusive)**

23              [*California Business & Professions Code* **§17200** *et seq.*]

24       72.    Plaintiffs hereby incorporate by reference each of the other allegations

25   set forth elsewhere in this Complaint as though fully set forth in this cause of

26   action.

27       73.    By marketing, advertising, promoting, selling and/or otherwise

28   dealing in counterfeit BMW® products, Defendants have engaged in unfair

                                    - 18 -
                **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code* §17200 *et seq.*

74.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit BMW® products is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiffs and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

75.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

76.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will continue to induce customers to purchase its false and counterfeit products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

77.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

78.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

79.    Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

80.    Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG pray for judgment against Defendants ARION EUTHENIA, LLC, MARSONS ELECTRONICS CORP., PAK TAO NG a/k/a THOMAS NG, KATIE LAU, and DOES 1 through 10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

2. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

3. For $2,000,000.00 per counterfeit mark per type of goods sold, offered for sale, or distributed under 15 U.S.C. §1117(c).

4. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

5. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

6. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

7. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

11. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

12. For damages in an amount to be proven at trial for unjust enrichment;

13. For an award of exemplary or punitive damages in an amount to be determined by the Court;

14. For Plaintiffs' reasonable attorney's fees;

15. For all costs of suit; and

16. For such other and further relief as the Court may deem just and equitable.

DATED: July 6, 2017                     JOHNSON & PHAM, LLP

By: _/s/_Marcus F. Chaney__
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Nicole Drey Huerter, Esq.
Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

## DEMAND FOR JURY TRIAL

Plaintiffs BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AG respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.

DATED: July 6, 2017                     JOHNSON & PHAM, LLP

By: _/s/_Marcus F. Chaney__
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Nicole Drey Huerter, Esq.
Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC and
BAYERISCHE MOTOREN WERKE AG

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF